IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STATE FARM FIRE AND CASUALTY COMPANY**                            **PLAINTIFF**

**v.**                                                                                                                                            **No. 3:23-cv-110-MPM-RP**

**ERIC VICKERS; CHASTITY VICKERS BUSBY;**                         **DEFENDANTS**
**DIMONT & ASSOCIATES, INC.; OCWEN LOAN**
**SERVICING, LLC; HOMEWARD RESIDENTIAL**
**HOLDINGS, INC.; AND JOHN DOES 1-10**

## AGREED ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR INTERPLEADER RELIEF

**UPON MOTION** of the Plaintiff, State Farm Fire and Casualty Company ("State Farm"), for relief pursuant to 28 U.S.C. § 1335, the Court being fully advised in the premises, finds the Motion is well taken and should be granted for the reasons set forth hereinafter:

**I.**      **FACTUAL AND PROCEDURAL HISTORY**

State Farm filed this action seeking to interplead proceeds from a fire which occurred on December 31, 2012 or January 1, 2013, and caused damage to property located at 468 Green Road, Grenada, Mississippi, and insured pursuant to a homeowners policy of insurance, number 24-BC-0381-4, issued to Steven Vickers, now deceased. [1]. Pursuant to the terms and conditions of the policy issued to Steven Vickers, State Farm investigated and adjusted the fire loss and determined $71,756.11 was owed pursuant to the coverage provided under the Policy. [1] ¶ 10. Thereafter, State Farm was made aware of multiple potential competing interests to the insurance policy proceeds. After reasonable inquiry State Farm was unable to determine which of the potential competing stakeholders held a valid interest in the claim payment and filed suit seeking to

interplead the funds and for a determination that it had satisfied its obligations to any such stakeholder pursuant to the terms and conditions of the policy. [1].

State Farm named as Defendants to this action, the two living adult children of the deceased, Steven Vickers, as well as mortgagees and mortgagee servicing companies which may hold an interest in the policy proceeds. [1]. At the time suit was filed no estate proceeding had been opened for the deceased, Steven Vickers. Defendant Dimont & Associates, Inc. was served with process on May 10, 2023. [6]. A responsive pleading was due no later than May 31, 2023. No responsive pleading was filed and an Application for Entry of Default was filed on July 6, 2023, and the Clerk's Entry of Default was filed on July 6, 2023 [11, 14]. Defendant Ocwen Loan Servicing, LLC, was served with process on May 11, 2023. [7]. A responsive pleading was due no later than June 1, 2023. No responsive pleading was filed and an Application for Entry of Default was filed on July 6, 2023, and the Clerk's Entry of Default was filed on July 6, 2023. [12, 15]. Defendant Homeward Residential Holdings, Inc., was served with process on May 11, 2023. [8]. A responsive pleading was due no later than June 1, 2023. No responsive pleading was filed and an Application for Entry of Default was filed on filed July 6, 2023, and the Clerk's Entry of Default was filed on July 6, 2023. [13, 16]. Defendant Eric Vickers was served with process on May 12, 2023. [5]. A responsive pleading was due no later than June 2, 2023. Defendant Chasity Vickers Busby was served with process on May 18, 2023. [9]. A responsive pleading was due no later than June 8, 2023. Defendants Eric Vickers and Chasity Vickers Busby submitted an email to counsel for Plaintiff dated June 6, 2023, which was filed by Plaintiff on June 27, 2023. [10]. This same email was forwarded to the Court and filed on July 18, 2023. [18]. On July 20, 2023, State Farm filed its Motion for Interpleader Relief, seeking dismissal from this action. [19]. This Motion was granted in part, with State Farm being directed to deposit the funds at issue with the Court, which

it did on August 28, 2023. [25]. Thereafter, based on discussions with the Court, State Farm filed its Motion for Default Judgment and Memorandum in Support seeking default judgment as to the mortgagee defendants Homeward, Ocwen, and Dimont. [27, 28]. On January 8, 2024, the Estate of Steven Vickers petitioned the Court to allow substitution of the Estate for the individual defendants Eric Vickers and Chasity Busby. [35]. This Motion was denied; however, the Estate of Steven Vickers was allowed to intervene as a party Defendant in this cause. [38]. On January 23, 2024, the Estate of Steven Vickers filed its Answer to the Complaint, asserting its interest in the proceeds from the policy. [39].

## II.     INTERPLEADER PURSUANT TO 28 U.S.C. § 1335

The Court finds that State Farm is in the position of an innocent stakeholder faced with the potential for multiple liability for any payment tendered outside this proceeding. The interest which State Farm has interpleaded exceeds the sum of $500.00, and the potential claimants, Defendants who have been properly served with process, are of diverse citizenship. Thus, the requirements of 28 U.S.C. § 1335 have been satisfied. The Court previously granted leave to State Farm to deposit the disputed funds into the Court's registry, which it has done. Now, having deposited funds and all parties hereto having been properly served with process or voluntarily appeared, State Farm seeks an adjudication that its obligations pursuant to the terms and conditions of the policy have been satisfied, seeks an Order directing the Clerk to release to State Farm an amount from that held on deposit with the Court registry sufficient to reimburse its reasonable costs and attorney fees incurred as a result of instituting this suit, and discharging State Farm from this action.

## III.    MOTION FOR DEFAULT JUDGMENT [27]

With regard to State Farm's Motion [27] seeking entry of a default judgment against Ocwen, Homeward, and Dimont, the Court finds that the Motion is well taken and should be

granted. There are three steps to obtaining a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a properly served defendant must fail to timely answer or respond. Second, a clerk's entry of default must be made when it shown by affidavit or otherwise that the defendant is in default. Thereafter, the Plaintiff may seek a judgment by default. *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 236 (M.D. La. 2022) (citing *Brown*, 84 F.3d at 141, and Fed. R. Civ. P. 55). Thereafter, the Court must determine whether entry of a default judgment is appropriate under the circumstances. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). Here, the first two steps have been satisfied, and the Clerk's Entry of Default [14, 15, 16] was appropriate as to each of these Defendants. In determining whether a default judgment should be granted, "the district court takes as true the facts asserted by a plaintiff against a defaulting defendant" to determine whether the Plaintiff has stated a claim upon which relief may be granted. *Escalante*, 34 F.4th at 492. The court determines "(1) whether the entry of default is procedurally warranted, (2) the substantive merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings for the judgment, and (3) what form of relief, if any, the plaintiff should receive." *Griffin v. O'Brien, Wexler, & Assocs.*, No. 4:22-cv-00970, 2023 WL 4303649, at *2 (E.D. Tex. June 30, 2023). As is demonstrated herein, a default judgment should be granted against Dimont, Homeward, and Ocwen.

> In determining whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion."

*Am. Fid. Assurance Co. v. Archie*, No. 4:22-cv-00039, 2023 WL 2776205, at * 2 (N.D. Miss. Apr. 4, 2023) (quoting *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Each of these

4

considerations weighs in favor of a default judgment being procedurally appropriate.

First, no material facts are at issue as Defendants Dimont, Ocwen, and Homeward are in default. *Escalante*, 34 F.4th at 492; *see also Martinez v. Eltman L., PC*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020). Second, the failure of these Defendants to respond prejudices State Farm because it "threatens to bring the adversary process to a halt, effectively prejudicing [State Farm's] interests" in pursuing its rights to interpleader relief. *Eltman*, 444 F. Supp. at 753. Third, as has been established, these Defendants failed to answer or otherwise plead within the time period prescribed by Fed. R. Civ. P. 12 and have to date failed to appear. Thus, the Clerk's Entry of Default was properly entered pursuant to Fed. R. Civ. P. 55(a), upon motion of the Plaintiff supported by an Affidavit and other evidence showing these Defendants were in default. Fourth, as none of these Defendants has appeared and counsel makes representation that she has had no contact with any of them, there is no indication that the failure to answer or otherwise plead was somehow caused by a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Relatedly, with regard to the "harshness" of a default judgment, none of these Defendants has moved to set aside the Clerk's Entry of Default since it was entered, and more than three months have passed since the they were served with process. Finally, should any of these Defendants later challenge the entry of default judgment, there are no current facts which suggest that the Court would be obliged to set it aside. *Id.* Thus, each of the six factors weigh in favor of a default judgment being procedurally appropriate in this cause.

The second inquiry to be made is whether there is a sufficient basis in the pleadings for entry of a judgment. State Farm filed this interpleader action alleging that some or all of the Defendants named herein may have an interest in the proceeds from the fire claim which State Farm sought to interplead. *See* Complaint [1] ¶ 10. Each of the Defendants named herein were

served with the Complaint and given an opportunity to appear and state their interest in the proceeds. Only Defendants Vickers and Busby have appeared and stated that they have an interest in the proceeds by virtue of being heirs to the estate of their deceased father, Eric Vickers, State Farm's insured. *See* Response [10]. State Farm's Complaint alleges that it has made a determination of the amount of the claim to be paid pursuant to the terms and conditions of the Policy and that it has no interest in the proceeds of same, but because it received potentially conflicting information concerning whether any of these entities had an interest in the proceeds. [1] ¶ 10. State Farm alleged that at the time of the loss Homeward had a mortgage on the property that was listed on the policy. [1] ¶ 19. State Farm alleged that at various times either Ocwen, Dimont, or both acted as servicers of that loan for Homeward. *Id.* at ¶¶ 20-24, 27. State Farm further alleged that according to Eric Vickers, none of these entities had a valid interest in the proceeds of the claim payment. *Id.* at ¶¶ 23, 34-36, 38. State Farm specifically requested that the Court "adjudicate that it has fully and completely complied with all provisions of the policy related to the fire and the claim, and that State Farm is fully released and discharged from any and all further liability to the Defendants or anyone claiming by, through or under any of them, or the decedent, Steven Vickers, in connection with the fire, the claim investigation, the policy or the coverage provided therein." *Id.* at ¶ 47. The default of Ocwen, Dimont and Homeward means that the allegations in the Complaint are taken as true. *Escalante*, 34 F.4th at 492. Due to the default, as to Defendants Dimont, Ocwen, and Homeward, it should be taken as true that the amount of the covered loss as determined by State Farm for covered damage resulting from the fire is proper, and State Farm has complied with any obligations it may have to any of them pursuant to the terms of the Policy. On this basis, the pleadings state a claim against Dimont, Ocwen, and Homeward which can be granted as to State Farm, that it has complied with any and all obligations to them.

6

Because a default judgment is procedurally warranted and a factual basis for same exists in the pleadings, the final determination that should be made is what type of relief may be granted State Farm, as the Plaintiff. State Farm sought to interplead the funds it determined were payable pursuant to the terms and conditions of the Policy, which it has now done. *See* [19]. It further sought an Order adjudicating that it had met its obligations as to each of the Defendants pursuant to the terms and conditions of the Policy issued to Steven Vickers, now deceased, as relates to the investigation and adjustment of the fire loss claim, and that no further coverage under the Policy was owed to these defendants. [1] ¶ 47. By virtue of their default, Ocwen, Dimont, and Homeward, have admitted that State Farm is entitled to such relief as to them, specifically, that as to each of them, State Farm has satisfied its obligations under the Policy, and there is no further payment owed to any of them as a result of the claim or the investigation and adjustment of the loss. The Court may make such a determination based on State Farm's interpleader of the funds, which was acknowledged by the Clerk on August 28, 2023, and by comparison of the facts admitted by the defaulting parties are reviewed in the context of the coverage provided by the Policy, and by virtue of application of Fed. R. Civ. P. 57 and 28 U.S.C. §1335.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Plaintiff, State Farm Fire and Casualty Company, is entitled to a Judgment by Default against Defendants Dimont & Associates, Inc. ("Dimont"), Ocwen Loan Servicing, LLC ("Ocwen") and Homeward Residential Holdings, Inc. ("Homeward"), as set forth herein. The Court finds that by virtue of their default, State Farm is entitled to judgment that it has complied with all obligations it may have had to Dimont, Ocwen or Homeward as mortgage interest holders or servicers of that interest pursuant to the policy of insurance, number 24-BC-0381-4, issued to Steven Vickers, now deceased, for any damage to the property located at 468 Greer Road, Grenada, Mississippi, caused by a fire

which occurred on or about December 31, 2012 or January 1, 2013. State Farm is further entitled to judgment that by virtue their default, Defendants Dimont, Ocwen, and Homeward have no interest in the proceeds from the fire claim which State Farm has deposited with the Court. For the reasons set forth herein, the Court finds that as to Dimont, Ocwen, and Homeward, there is no just cause to delay entry of final judgment against them in this matter, and this judgment is hereby certified as final pursuant to Fed. R. Civ. P. 54(b).

## IV.     **RENEWED MOTION FOR INTERPLEADER RELIEF [40]**

Having determined that judgment by default is appropriate as to Ocwen, Dimont, and Homeward, the Court now turns to State Farm's request for a determination that it has discharged its obligations pursuant to the terms and conditions of the policy of insurance issued to Steven Vickers, now deceased. Having reviewed the Court record and the pleadings made by Eric Vickers, Chasity Vickers Busby, and the Estate of Steven Vickers, the Court finds that there is no dispute concerning the valuation of the fire loss claim or any other matter concerning the policy of insurance among the remaining parties. The Court finds that based on the undisputed facts in the record, there is no dispute as to the investigation or adjustment of the fire loss claim by State Farm, and finding State Farm has satisfied its obligations pursuant to the policy of insurance to the Estate of Steven Vickers, deceased, by instituting this interpleader action and depositing the funds as required herein. Therefore, the Court finds that Eric Vickers, Chasity Vickers Busby and the Estate of Steven Vickers are not entitled to any relief in the future against State Farm arising out of the Policy for the claims which arose as a result of the fire, or State Farm's investigation, adjustment, or payments related thereto, and are specifically enjoined from bringing any such claim against State Farm in the future. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

The only remaining issue in this suit is the distribution of the proceeds held on deposit. State Farm has disclaimed any interest in those proceeds or any decision of this Court regarding

8

same, save for its request that an amount sufficient to satisfy its attorney fees and expenses associated with this action be released. Awarding attorney's fees and costs is within the discretion of the district court. *Great Am. Life Ins. Co. v. Tanner*, No. 3:16-cv-00070, 2016 WL 6999438, at *2 (N.D. Miss. Nov. 29, 2016) (quoting *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009)). As set forth in the Declaration of Counsel, State Farm has incurred approximately $7,401.00 in attorneys' fees and $827.00 in costs in connection with this action. [40] ¶¶ 7-8. The Court finds that such fees and costs were reasonable and necessary for State Farm to prosecute this interpleader action, and that State Farm should be reimbursed from the proceeds being held on deposit in the total sum of $8,228.00.

The Court finds, based on representations by their counsel requesting substitution of the Estate of Steven Vickers for the individual defendants, Eric Vickers and Chasity Vickers Busby, that Eric Vickers and Chasity Vickers Busby are in agreement that the Estate of Steven Vickers is the rightful stakeholder to the remaining proceeds of the fire loss claim deposited in the Court registry. The Court agrees, and finds that Eric Vickers and Chasity Vickers Busby have no interest in the proceeds held on deposit except that which may be available to them as heirs at law of Steven Vickers, now deceased, which will be determined by the Chancery Court for Grenada County, Mississippi, in that certain estate proceeding styled *In re Estate of Steven J. Vickers, Deceased*, Number 23-CV-227.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Eric Vickers and Chasity Vickers Busby have no interest in the proceeds on deposit with the Court beyond that which they may be entitled to claim in the estate proceeding pending in the Chancery Court for Grenada County, Mississippi, Number 23-CV-227, styled *In re Estate of Steven J. Vickers, Deceased*.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, State Farm Fire and Casualty Company has satisfied its obligations under the Policy, number 24-BC-0381-4, common law, or otherwise to all Defendants herein concerning its claim investigation, adjustment, and payments related to the fire which occurred on December 31, 2012 or January 1, 2013, and damaged property located at 468 Greer Road, Grenada, Mississippi, and Defendants are restrained from instituting or maintaining any future legal action against State Farm related to same. The Clerk of the Court is directed to issue payment from the proceeds on deposit to State Farm in the amount of $8,228.00 for its reasonable costs and attorney fees for institution of this action. The Clerk of the Court is directed tender the remainder of the proceeds on deposit to the Estate of Steven Vickers, Deceased, for delivery to counsel for the Estate.

In accordance with the foregoing, Plaintiff's Motion for Default Judgment [27] and Plaintiff's Motion for Interpleader Disbursement [40] are **GRANTED**. Having entered judgment as to all claims in this cause, this action is now **DISMISSED WITH PREJUDICE**, with each party ordered to bear its own costs and attorney fees, unless otherwise stated herein. Case is **CLOSED**.

**SO ORDERED** this the 5th day of March, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

Agreed:

_/s/ Rochelle R. Morgan_
Rochelle R. Morgan, MSB #100621
WEBB SANDERS & WILLIAMS, PLLC
P.O. Box 496
Tupelo, MS 38802-0496
(662) 844-2137
rmorgan@webbsanders.com
*Attorney for Plaintiff*

_/s/ Sabrina D. Howell_
Sabrina D. Howell, MSB #101679
ATTORNEY AT LAW
81 S. Church Street
Grenada, MS 38901
(662) 226-4080
sabrina@lawfirmms.com
*Attorney for Estate*

_Eric Vickers_
Eric Vickers, *Defendant*
14748 Cedar Flat Way
Roanoke, Texas 76262

_Chastity Busby_
Chastity Vickers Busby, *Defendant*
15497 Hwy 51
Oakland, Mississippi 38948

11